UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES H. BECKWITH,<br><br>        Plaintiff,<br> v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. 3:14-cv-05110-BHS-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for October 10, 2014 |

  Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits be reversed and this matter be remanded for payment of benefits.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

  On August 27, 2010, plaintiff filed an application for disability insurance benefits and another one for SSI benefits, alleging in both applications he became disabled beginning August

REPORT AND RECOMMENDATION - 1

27, 2010. See ECF #11, Administrative Record ("AR") 17. Both applications were denied upon initial administrative review on October 5, 2010, and on reconsideration on February 15, 2011. See id. A hearing was held before an administrative law judge ("ALJ") on August 1, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 34-72.

In a decision dated August 24, 2012, the ALJ determined plaintiff to be not disabled. See AR 17-29. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on December 11, 2013, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; 20 C.F.R. § 404.981, § 416.1481. On February 11, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #3. The administrative record was filed with the Court on April 21, 2014. See ECF #11. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred:

- in failing to find plaintiff's degenerative joint disease to be a severe impairment;

- in evaluating the opinion evidence from Jamie E. Carter, Ph.D., Robert Thornton, M.D., Guthrie Turner, M.D., Amanda Kerber, ARNP, and Kymberli Sherwood, MA-AT, MHP, CDP;

- in assessing plaintiff's residual functional capacity;

- in finding plaintiff to be capable of returning to his past relevant work; and

- in finding him to be capable of performing other jobs existing in significant numbers in the national economy.

REPORT AND RECOMMENDATION - 2

Defendant concedes that the ALJ erred as alleged, except with respect to the opinion evidence from Dr. Carter, and that the decision to deny benefits should be reversed, but argues remand for further administrative proceedings is appropriate here. For the reasons set forth below, however, the undersigned finds remand for an award of benefits is warranted in this case.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting

REPORT AND RECOMMENDATION - 3

Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

As noted above, plaintiff argues and defendant concedes that the ALJ erred in evaluating the opinion evidence from Dr. Turner. Dr. Turner opined that plaintiff could perform a modified range of light work. See AR 98-99. As pointed out by plaintiff, no other medical opinion source in the record has found him to be capable of performing at greater than the light exertional level. See AR 305, 395. Accordingly, even if the ALJ were given another opportunity to reconsider the medical opinions in the record, none of them support a level of limitation above that of the light exertional level. The ALJ's assessment of plaintiff's residual functional capacity and the ALJ's determinations that plaintiff could perform both his past relevant work and other jobs existing in the national economy are all based on the ability to perform medium work, furthermore, and thus are not supported by the substantial medical evidence in the record as well. See AR 21, 27-29.

Defendant asserts conflicting medical evidence and inconsistency between plaintiff's subjective complaints and his diagnosed conditions make an award of benefits inappropriate based on the record before the Court. The undersigned disagrees. The Court may remand "either for additional evidence and findings or to award benefits." Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when an ALJ's decision is reversed, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

This is such a case. Disability benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). As discussed above, the parties agree that the ALJ's evaluation of the medical opinion evidence in the record was insufficient and thus in error. Also as discussed above, the record contains no medical opinion evidence indicating an ability to work at greater than the light exertional level, and that therefore the record also fails to support the ALJ's determination that plaintiff was able to perform both his past relevant work as well as the other jobs the ALJ identified, all of which require working at the medium level of exertion.

As argued by plaintiff, furthermore, the Commissioner's Medical-Vocational Guidelines (the "Grids") – given plaintiff's age, education and previous work history – require a finding of disability if plaintiff is limited to performing light exertional level of work. See AR 28, 65, 68-19, 212, 217; 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 202.06. Indeed, defendant does not contest the fact that if plaintiff is so limited, then such a finding is mandated by Grid Rule 202.06. Since the medical opinion evidence in the record shows plaintiff is limited to that level of exertional work, there are no outstanding issues that must be resolved in this case, it is clear the ALJ would

REPORT AND RECOMMENDATION - 5

be required to find plaintiff disabled on the crediting of the above medical opinion evidence, and a determination of disability is therefore warranted.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Also based on that discussed, the undersigned recommends as well that the Court reverse the decision to deny benefits and remand this matter for an award of benefits.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **October 10, 2014**, as noted in the caption.

DATED this 24th day of September, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6